AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>John Martin Duncan<br><br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)        3:26-mj-1084-MCR<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 20, 2026__ in the county of __Duval__ in the
__Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252(a)(4)(B) | Possession of visual depiction of minors engaged in sexually explicit conduct |

This criminal complaint is based on these facts:
See affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Kayla Cahill, Special Agent - Homeland Security Investigations
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __03/04/2026__

*Judge's signature*

City and state: __Jacksonville, FL__    Monte C. Richardson, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Kayla Cahill, being duly sworn, state as follows:

1. I am a Special Agent (SA) with Homeland Security Investigations (HSI), the investigative arm of Immigration and Customs Enforcement (ICE), I am a Special Agent (SA) with Homeland Security Investigations (HSI), the investigative arm of Immigration and Customs Enforcement (ICE). I have been assigned to the Office of the Assistant Special Agent in Charge, Jacksonville, Florida since February 2025. Prior to that, I was assigned to the Yuma, Arizona office, beginning in October 2020. I am a law enforcement officer of the United States and am thus authorized by law to engage in or supervise the prevention, detection, investigation, or prosecution of violations of federal criminal law. I am responsible for enforcing federal criminal statutes under the jurisdiction of HSI, including violations of law involving the sexual exploitation of children. I have attended the Basic Criminal Investigator School and the HSI Academy at the Federal Law Enforcement Training Center in Brunswick, Georgia. I have a Bachelor of Arts degree in criminal justice from Sam Houston State University in Huntsville, Texas. Before my employment with HSI, I worked as a patrol agent with the United States Border Patrol from August 2014 to October 2020. Since becoming a special agent, I have worked with experienced Special Agents and state and local law enforcement officers who also investigate child exploitation offenses.

1

2. I have investigated and assisted in the investigation of criminal matters involving the sexual exploitation of children that constituted violations of 18 U.S.C. §§ 2251, 2252, 2252A, 2422, and 2423, as well as Florida state statutes that criminalize sexual activity with minors and other methods of child sexual exploitation. In connection with such investigations, I have served as case agent and have served as an undercover agent in online child exploitation cases. During the course of my investigations, I have worked closely with members of the local child exploitation task force comprised of agents and officers from HSI, the Federal Bureau of Investigation (FBI), the Florida Department of Law Enforcement (FDLE), the Jacksonville Sheriff's Office (JSO), the St. Johns County Sheriff's Office (SJSO), and the Clay County Sheriff's Office (CCSO), among other agencies. These agencies routinely share information involving the characteristics of child sex offenders as well as investigative techniques and leads. As a federal agent, I am authorized to investigate and assist in the prosecution of violations of laws of the United States, and to execute search warrants and arrest warrants issued by federal and state courts.

3. The statements contained in this affidavit are based on my personal knowledge as well as information provided to me by other law enforcement officers. This affidavit is being submitted for the limited purpose of establishing probable cause for the filing of a criminal complaint, and I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I

believe are necessary to establish probable cause to believe that John Martin DUNCAN has committed a violation of 18 U.S.C. § 2252(a)(4)(B), that is, knowing possession of visual depiction of minors engaged in sexually explicit conduct.

4. This affidavit is made in support of a criminal complaint against John Martin DUNCAN, charging that on or about January 20, 2026, in Duval County, in the Middle District of Florida, DUNCAN did knowingly possess a matter, that is, files shared to a law enforcement investigative computer from his own computer, which contained visual depictions that had been produced using materials that had been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depictions involved the use of minors engaging in sexually explicit conduct, the visual depictions were of such conduct, and at least one of which depictions involved a prepubescent minor, in violation of 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2).

5. In January 2026, SJSO officers, including Detective Greene, were engaging in an investigation to identify persons using the BitTorrent P2P network on the Internet to receive, traffic in, share, and/or distribute photos and videos depicting child pornography. I know that these SJSO officers have received training in the operation and use of the BitTorrent network, as well as the use of certain law enforcement techniques used to investigate users on this network. Using specialized

3

law enforcement software that allowed the SJSO officers to geolocate subject individuals that were in the SJSO officers' area of responsibility and nearby surrounding area, that is, the Jacksonville area to include Duval County, the SJSO officers identified several files of child pornography that were made available to download from a host computer device using the BitTorrent network. SJSO officers then downloaded these files in their entirety from this one host computer. SJSO Detective Green, HSI SA Cahill, and HSI Task Force Officer (TFO) Spivey viewed these files and confirmed that several of them depicting at least one minor engaging in sexually explicit conduct. Specifically, this specialized law enforcement software was able to attribute 54 files were shared by a host computer device using the BitTorrent network from IP address 24.129.22.227 and uploaded on January 20, 2026. A few of the names of these files being shared on the BitTorrent network that are indicative of child pornography are listed below:

- Pthc Jenny 9Yo sucking cock and moaning
- Pthc 9yo jenny sucking daddys cock while watching porn
- Pthc 9yo Jenny daughter tied up and dog licking her

I know from my training and experience that "pthc" is a term commonly found in child pornography investigations and refers to "pre-teen hard core". Moreover, SJSO Detective Greene determined that 54 files were shared from IP address 24.129.22.227 and uploaded on January 20, 2026.

6. During this investigation, I reviewed files depicting child pornography that were downloaded by the SJSO officer on January 20, 2026, using specialized software over the BitTorrent networks from the host computer device using IP address 24.129.22.227 that are referenced above. My description of one such file is below:

- File Name: pthc Jenny 9yo daughter back fucked.avi

The file is 39 seconds in length. It depicts a female child who appears to me to be no older than 10 years old due to her small body size. The video depicts the child kneeling over and only her buttocks and back are shown. An adult male is positioned behind her and his penis is visible. The video begins with the penis in close proximity to the child and then the penis is inserted into either the child's anus or vagina. At no point can you see the adult male's face. Based on my training and experience, as well as my review of this video, I have probable cause to believe that this video depicts at least one minor engaging in sexually explicit conduct, that is, lascivious exhibition of her genitalia, genital-genital sexual intercourse, and masturbation, and therefore constitutes child pornography pursuant to 18 U.S.C. § 2256.

7. On February 5, 2026, HSI TFO Spivey issued a subpoena to Comcast requesting records pertaining to the Comcast subscriber that used IP address 24.129.22.227 from January 1, 2026 through January 30, 2026. Comcast provided

the requested subscriber information and confirmed the account was registered to John DUNCAN at 3892 Bramble Rd, Jacksonville, FL, 32210.

8. On March 2, 2026, I obtained a federal search warrant for the residential premises located at 3892 Bramble Rd, Jacksonville, Florida 32210, that I believed to be the residence of DUNCAN. This search warrant authorized the search of this residential premises for fruits, evidence, and instrumentalities of violations of 18 U.S.C. §§ 2252 and 2252A. A copy of the application and supporting affidavit for this search warrant is attached hereto as Exhibit A, and the facts and information contained therein are incorporated by reference herein.

9. On the morning of March 4, 2026, I, together with other HSI Special Agents and TFOs executed this search warrant at approximately 6:45 a.m. at the residential premises located at 3892 Bramble Rd, Jacksonville, FL, 32210. DUNCAN was encountered at this residence during execution of the search warrant.

10. HSI Special Agents Ben Leudke, William Bowes, and I made contact with DUNCAN. After being advised of and waiving his constitutional rights, DUNCAN agreed to speak with us in a government vehicle. This interview was audio recorded. DUNCAN provided, in summary and among other things, the following information:

DUNCAN acknowledged that he is 76 years old and he has lived at the Bramble Rd

address since the 1970's. He acknowledged he subscribes to internet access at his house, and it is password protected. He acknowledged the only people who live at his house are he and his wife and he does not have anyone stay over. He acknowledged that, among other devices, he possesses two laptops, a desktop computer, a phone, and an iPad. DUNCAN stated he uses a peer-to-peer program called FrostWire to download movies. DUNCAN was told of the files containing child pornography that were made available for download from his computer, to include the file name and description of content. DUNCAN then said, "You will probably find something on there." When asked to clarify, DUNCAN stated we would find things on his computer similar to what we mentioned earlier, alluding to the child pornography files. DUNCAN was asked directly if there would be child pornography on his computer and DUNCAN stated yes. DUNCAN acknowledged viewing child pornography about twice a month every month for the last 15 years. The last time he viewed child pornography was approximately one month ago. DUNCAN stated he uses the search term "underage" on FrostWire to find files of child pornography. DUNCAN acknowledged having fantasies of children involved in sexual activity. When asked to describe what he sees in the videos he downloads, he stated, "just girls being sexually abused." He then stated the girls were preteen girls between the ages of 10 and 12. He stated he watches both videos and views still images. DUNCAN stated he mostly uses his Toshiba laptop to download and view

7

the child pornography. DUNCAN stated he typically downloads the videos, watches them, then deletes them from his computer. DUNCAN acknowledged he knows it is illegal to view child pornography but does so anyway.

11. On March 4, 2026, during the execution of the search warrant at 3892 Bramble Rd, HSI Computer Forensics Agent (CFA) Antonio Contes was conducting an on-site preview of an HP Laptop owned by DUNCAN. During the preview, CFA Contes observed a deleted file with a file name "…10_full_sets_of_various_preteen_child_models…" In addition to the deleted file, the peer-to-peer program FrostWire, was found on DUNCAN's computer.

12. Based upon the foregoing facts, I have probable cause to believe that on or about January 20, 2026, in the Middle District of Florida, John DUNCAN did knowingly possess files of child pornography on his computer, which were then made available for download to other individuals via the peer-to-peer program FrostWire, which were then subsequently downloaded by SJSO via a law enforcement program.

These files contained visual depictions that had been produced using materials that had been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depictions involved the use of minors engaging in sexually explicit conduct, the visual depictions were of such conduct, and at least one of the depictions involved a prepubescent minor, in violation of 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2).

_____
Kayla Cahill, Special Agent
Homeland Security Investigations

Subscribed and Sworn to before me this 4th day of March, 2026, at Jacksonville, Florida.

_____
MONTE C. RICHARDSON
United States Magistrate Judge